UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| THE LEE FAMILY, | : |
| Plaintiff, | : |
| v. | : File No. 1:09-CV-280 |
| THE INTERNATIONAL PAPER COMPANY, | : |
| Defendant. | : |

MEMORANDUM AND ORDER
(Paper 10)

I.     Introduction

Defendant International Paper Company (International Paper) timely removed this civil action from the Addison County Superior Court on December 14, 2009, based on diversity of citizenship and an amount in controversy exceeding $75,000, under 28 U.S.C. §§ 1332(a)(1), 1441(a)-(b) and 1446.  (Paper 1.)  Plaintiff The Lee Family timely moved for remand on December 31, 2009.[1]  (Paper 10.)  See 28 U.S.C. § 1447(c).  Because the amount in controversy element is not contested (Papers 10 at 3; 14 at 3), the issue is whether complete diversity of citizenship exists.

---

[1] Plaintiff's federal court filings do not comply with Local Rules.  The Court refers Plaintiff to the Local Rules -- available on the Court's website, http://www.vtd.uscourts.gov -- and particularly requests compliance with Local Rules 7(a) and 10(a) in future filings.

II.   Background

Plaintiff, a family residing in Vermont, brought this action in state court against Defendant, a citizen of New York and Tennessee.  (Paper 10 at 3.)  Plaintiff alleges that air emissions released during International Paper's Ticonderoga, New York paper mill's combustion of tire derived fuel (TDF) during a trial period in November 2006 caused personal injuries to it.  See Paper 4.  Plaintiff alleges International Paper, through ten individuals, acted negligently during the test burn of the TDF.  Id.

III.  Discussion

The removal statute is to be strictly construed.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).  A defendant removing a case to federal court faces the general principle that removal is disfavored and remand favored.  Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) ("federal courts construe the removal statute narrowly, resolving any doubts against removability.").

Where, as here, a defendant relies on 28 U.S.C. § 1332 to remove an action, it must establish that the requirements of the statute have been met.  Specifically, it must demonstrate the parties are citizens of diverse states and that the amount in controversy exceeds $75,000.  28 U.S.C. 1332(a); Blockbuster v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citation omitted).  Under § 1441(b), a diversity case may be removed only if none of the parties in interest, properly joined and served as a defendant, is a citizen of the state in which the action was brought.  28 U.S.C. § 1441(b).

To determine whether the burden has been met, courts examine the complaint and the petition for removal.  Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (internal citation omitted).

It is well-settled that for purposes of removal, "federal law determines who is a plaintiff and who is a defendant."  Wright et. al., 14B Federal Practice and Procedure § 3723.  A corporation is "deemed . . . a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The parties do not dispute that International Paper is a citizen of New York, its state of incorporation, and Tennessee, its principal place of business.  (Paper 10 at 3.)  The parties dispute whether Vermont resident Dean Messner (Paper 1-12 at 2), an individual listed in the caption of the complaint, destroys diversity of citizenship thus requiring remand to state court.  (Paper 10 at 3.)

International Paper argues complete diversity exists and the case was properly removed because it is the only defendant.  (Paper 12 at 5.)  Indeed, the allegations of the complaint do not include any references to Messner, or any other individual, and do not use the word defendant in the plural, instead referring to International Paper as "the defendant."  (Paper 4.)  The caption of the complaint, the only place the names of individuals appear, reads:  "The International Paper Company through, but not limited to, the following parties professionally, personally, jointly and severally, . . . D. Messner, Power Area Manager, [and nine other similarly listed individuals] . . . , Defendant."  Id. at 1.

In addition to failing to directly allege a claim against the lone Vermont individual referenced in the complaint,[2] Plaintiff also has failed to serve Mr. Messner and the other individuals.[3] Section 1441 states an action is "removable only if none of the parties in interest properly joined and served" is not a citizen of the forum state. 28 U.S.C. § 1441(b). The Supreme Court, however, has held failure to serve a resident defendant does not justify removal. Pullman Co. v. Jenkins, 305 U.S. 534 (1939).

The Court finds the current allegations in the complaint, coupled with the fact that Plaintiff has not served any of the individuals listed in the caption, indicates International Paper is the only current defendant in this action. See Roe v. Gen'l Am. Life Ins. Co., 712 F.2d 450, 452 n.* (10th Cir. 1983) (holding "a resident defendant against whom no cause of action is pled . . . will not defeat removal") (citation omitted). Consequently, there is diversity of citizenship between the parties because Plaintiff is a citizen of Vermont and International Paper a citizen of New York and Tennessee. Because the amount in controversy element is not contested, the action, as it currently stands, was properly removed from the Addison County state court to this Court.

Plaintiff requests, should the Court find the complaint lacking regarding Mr. Messner, it be allowed to amend the complaint under Federal Rule of Civil

---

[2] See Papers 1-3 through 1-11 (affidavits of other individuals affirming they are not Vermont residents).

[3] Under 28 U.S.C. § 1448, Plaintiff must serve any defendant who has not been properly served with process prior to removal under the federal rules. Once an action has been removed, under Rule 4(m) plaintiff has an additional 120 days to serve the complaint. Yaman v. D'Angelo, 206 F. Supp. 2d 394, 401 (W.D.N.Y. 2002).

Procedure 15. See Papers 10 at 4, 14 at 4. Under Rule 15, Plaintiff must seek the opposing party's written consent or leave of court to amend. The Court does not construe Plaintiff's request, embedded in its motion to remand briefing, as a motion for leave to amend its complaint. A motion to amend a pleading must be accompanied by a red-lined version of the proposed amendment as well as a non-redlined version of the amended filing. D. Vt. L.R. 15.[4]

IV. Conclusion

For the above reasons, Plaintiff's Motion to Remand (Paper 10) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 9th day of April, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge

---

[4] Should Plaintiff move to amend, the amended pleading shall conform to Federal Rules of Civil Procedure 10 and 17; namely, all parties must be named and the action must be prosecuted in the name of the real party in interest. If an amended complaint alleging a claim against a non-diverse defendant were filed, a second motion to remand could be filed. See 28 U.S.C. § 1447(c) (an action removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction"); id. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to the State court."). Because the Court finds the complaint states a claim against only one defendant it does not reach International Paper's fraudulent joinder argument on this motion. See Paper 12 at 5-11. Such an argument could be raised in opposition to a successive motion to remand the action if, at the time, a claim is stated against a non-diverse defendant.

5