UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| THE LEE FAMILY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | File No. 1:09-CV-280 |
| : | |
| THE INTERNATIONAL : | |
| PAPER COMPANY, : | |
| : | |
| Defendant. : | |
| _____ : | |

MEMORANDUM AND ORDER
(Docs. 22, 23)

I.   Introduction

Defendant International Paper Company (International Paper) moves to dismiss this timely removed[1] civil action under Federal Rules of Civil Procedure 12(b)(4)-(6) for insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. Doc. 22. Plaintiff The Lee Family opposes the motion to dismiss[2], Doc. 25, and also moves to amend the complaint, Doc. 23. For the following reasons, the Court denies both International Paper's motion to dismiss and Plaintiff's motion to amend.

---

[1] On April 9, 2010, the Court denied Plaintiff The Lee Family's motion for remand. See Doc. 17.

[2] Plaintiff also filed a surreply, Doc. 30, however, as the Local Rules do not provide for such a filing and it did not request leave of court, the Court will not consider it. See D. Vt. L.R. 7.1(a).

1

II.     Background

In early November 2009, Plaintiff, a Vermont resident, brought this action in state court against Defendant, a citizen of New York and Tennessee. Doc. 10 at 3. On December 14, 2009, Defendant properly removed the action to this Court. See Docs. 1, 17. Plaintiff alleges that air emissions released during International Paper's Ticonderoga, New York paper mill's combustion of tire derived fuel (TDF) during a trial period in November 2006 caused personal injuries to it. See Doc. 4. Plaintiff claims International Paper, through ten individuals, acted negligently during the TDF test burn. Id.

Plaintiff has not served International Paper with a summons. Docs. 5, 25 at 5-6. Consequently, International Paper moves to dismiss the action for insufficient process and insufficient service of process under Federal Rules of Civil Procedure 12(b)(4)-(5). Doc. 22. International Paper also moves to dismiss for failure to state a claim under Rule 12(b)(6) arguing the statute of limitations on Plaintiff's claim has expired and the complaint should therefore be dismissed with prejudice. Id. at 2-3.

After International Paper moved to dismiss, Plaintiff moved to amend its complaint seeking to add the ten individual International Paper employees as defendants. Doc. 25.

III.    Discussion

   A.    Motion to Amend

Courts "should freely give leave [to amend] when justice so requires," according to Rule 15(a)(2), but the district court has discretion to deny leave if there is a good

reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party.  Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  International Paper is correct in asserting a motion to amend can be denied if the amended pleading could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

Plaintiff unsuccessfully requested leave to amend the complaint in its motion for remand, Docs. 10 at 4, 14 at 4, and was directed to Federal Rule of Civil Procedure 15 and this Court's Local Rules.  Doc. 17 at 5.  While Plaintiff complied with the rules insofar as it moved for leave to amend and filed red-lined and non-redlined versions of the proposed amendment, Docs. 23-1, 23-2, Plaintiff failed to comply with the technical requirement of the Local Rules that pleadings be double-spaced.  D. Vt. L.R. 10(a)(6).

Plaintiff's attempt to amend its pleading falls short substantively as well.  The proposed amended complaint fails to state a claim against any of the individuals listed in the caption.  Using the word "defendant" in the plural and adding "et al." after International Paper or IP does not suffice to state a claim against any of the individuals.  The proposed amended complaint does not reference any individual other than in the caption and does not offer any facts to support a claim against any individual.  A complaint need not provide detailed factual allegations, but a plaintiff must provide some grounds for an entitlement to relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court denies Plaintiff's motion to amend because its attempt is futile.

Plaintiff may file a second motion to amend the complaint (to be accompanied by both a red-lined and non-redlined version of the proposed amendment). Any proposed amended complaint must be double-spaced, individually number each paragraph for ease of reference, and separately state each count. See D. Vt. L.R. 10(a); Fed. R. Civ. P. 10. Further, in addition to including this Court's name and docket number, the caption must name <u>all</u> the parties and include the real party in interest. See Fed. R. Civ. P. 10, 17. This means "The Lee Family" is not a proper plaintiff. If Plaintiff intends to state a claim on behalf of Lisa Lee alone, only her name should appear in the caption and the allegations of the complaint should refer to her claim. If, however, Plaintiff intends to state a claim on behalf of other members of the family as well -- such as Jacques, Paige, Jonathan, or Katelynne -- those individuals must also be named in the caption and separate claims alleging a cause of action on each of their behalf must be stated in a separate count in the complaint. See Fed. R. Civ. P. 10. Plaintiff is referred to Federal Rule of Civil Procedure 17(c) for guidance in prosecuting an action on behalf of a minor person.

    B.    <u>Motion to Dismiss</u>

Federal Rule of Civil Procedure 12(b)(4) allows a defendant who has not been properly served to file a motion to dismiss for "insufficient process." After removal, the Federal Rules of Civil Procedure apply. <u>G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.</u>, 67 F. Supp. 2d 99, 101-02 (E.D.N.Y. 1999). Federal Rule of Civil Procedure 4 governs federal service of process. Rule 4 clearly requires a summons be served with a copy of the complaint and states: "plaintiff is responsible for having the summons and

complaint served within the time allowed . . . and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).  Rule 4 also requires service be performed within 120 days after the complaint is filed and provides for extensions of the time in which service may be effected.  Id. 4(m).  In the case of a removed action, if service was not performed prior to removal, a plaintiff receives a windfall of 120 days after removal in which to serve process.  Yaman v. D'Angelo, 206 F. Supp. 2d 394, 401 (W.D.N.Y. 2002).

Under Rule 4(m), if a defendant is not served within 120 days, a district court "must dismiss the action without prejudice . . . or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  As the rule allows, the Second Circuit has held "district courts have discretion to grant extensions even in the absence of good cause."  Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007).  The length of the extension, if any, is also determined at the court's discretion.  Id. at 197.  The Second Circuit "owe[s] deference to [a] district court's exercise of discretion whether or not it based its ruling on good cause."  Id.

To begin, the Court notes removal does not waive any Rule 12(b) defenses, Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 157 n.4 (2d Cir. 1996), and International Paper expressly reserved its right to raise the defense of insufficient process.  Doc. 6 at 7. To be sufficient, process must consist of service of a summons as well as a copy of the complaint on a defendant.  Fed. R. Civ. P. 4(c)(1).  In this case, sufficient process was

5

required to be served on International Paper, at the latest, within 120 days of removal, i.e., by April 13, 2010.[3]  <u>Id.</u> 4(m).

Plaintiff admittedly has not served International Paper with a summons, and has not moved for additional time for service of process or shown good cause.  Doc. 25 at 5-6.  Plaintiff argues the time to serve the summons has not expired, and though it "always intended to timely summons the defendant parties . . . [it] does not know which court to summons the parties to . . . ."  <u>Id.</u> at 1-2.  Plaintiff's arguments demonstrate a misunderstanding of the governing procedural rules.  Once a case is removed from state court, if service of process has not been completed under state law, it must be effected under federal law, i.e., Rule 4.  28 U.S.C. § 1448.[4]  Section 1448 demonstrates removed cases "are to be handled substantially as though they had never been in a state court."  4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1082 (3d ed. 2002) (citation omitted).

Though Plaintiff is not a pro se litigant and has made no attempt to cure the insufficient process in over six months since the issue was raised -- two facts weighing in favor of dismissal with prejudice, <u>McIntosh v. Covenant House</u>, No. 05 Civ. 9973,

---

[3]  The Court notes the applicable federal rule was referenced in its April 9, 2010 ruling, Doc. 17 at 4 n.3, after which Plaintiff could have cured its service defect.

[4]  "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."  28 U.S.C. § 1448.

2007 WL 1946540, at *8 (S.D.N.Y. June 28, 2007) (citations omitted) -- this Court, like the McIntosh court, is "loath to throw plaintiff out of court because of an attorney's defection." Id.  Instead, the Court exercises its discretion under Rule 4(m) to grant Plaintiff an additional three weeks from the date of this Order in which to properly serve process on International Paper.  See Fed. R. Civ. P. 4 advisory committee's note, 1993 Amendment (noting court's power "to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . .").  Plaintiff is directed to Federal Rule of Procedure 4 and failure to follow Rule 4 and abide by this Order will result in dismissal.

IV.   Conclusion

For the above reasons, Plaintiff The Lee Family's Motion to Amend the Complaint, Doc. 23, is denied.  Defendant International Paper Company's Motion to Dismiss, Doc. 22, is denied with leave to renew if service is not completed in accordance with this Ruling.  Plaintiff shall effect proper service of process on International Paper on or before August 13, 2010.  As noted, failure to abide by this Order will result in dismissal.

Plaintiff may move to amend the complaint.  The proposed amended complaint must comply with this Order.  Counsel for Plaintiff is strongly encouraged to

associate with a lawyer of established competence in federal litigation. See Vt. Rules of Prof'l Conduct R. 1.1 & cmt. 2 (2009).[5]

Should Plaintiff properly serve International Paper with process and/or file a proposed amended complaint accepted by the Court, International Paper and any other properly served Defendants are free to file substantive motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 23rd day of July, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge

---

[5] "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Vt. Rules of Prof'l Conduct R. 1.1.
"A lawyer need not necessarily have special training or prior experience to handle legal problems of a type with which the lawyer is unfamiliar. . . . A lawyer can provide adequate representation in a wholly novel field through necessary study. Competent representation can also be provided through the association of a lawyer of established competence in the field in question." Id. cmt. 2.